ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief
SARA M. WARREN, Trial Attorney
Georgia Bar No. 966948
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 598-5785; Fax | (202) 305-0275
E-mail: Sara.Warren@usdoj.gov
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, *et al.*, <br><br> Defendants. | Case No. 3:25-CV-00023-MMD-CLB <br><br> **ORDER GRANTING STIPULATED SETTLEMENT AGREEMENT** |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Western Watersheds Project and People of Red Mountain ("Plaintiffs"), and Defendants U.S. Fish and Wildlife Service ("Service"); Doug Burgum, in his official capacity as Secretary of the Interior; and Brian Nesvik, in his official capacity as Director of the Service (collectively, "Defendants"). In support of this Agreement, Plaintiffs and Defendants (collectively, the "Parties"), by and through their undersigned counsel, state as follows:

WHEREAS, on September 8, 2022, Plaintiff Western Watersheds Project sent a petition to Defendants seeking to list the Kings River pyrg as endangered or threatened under the Endangered Species Act ("ESA");

WHEREAS, on September 26, 2023, Plaintiff Western Watersheds Project sent Defendants a letter notifying them of Western Watershed's Project's intent to sue because the Service did not, within 90 days, determine whether its petition dated September 8, 2022, presented substantial determination that listing the Kings River pyrg may be warranted under the ESA;

WHEREAS, on November 24, 2023, the Service sent Plaintiff Western Watersheds Project a letter explaining that, although the petition was received by certain offices within the Department of Interior, it was not routed correctly to the appropriate Service office;

WHEREAS, Plaintiff Western Watersheds Project resubmitted its listing petition for the Kings River pyrg on October 31, 2023;

WHEREAS, on February 8, 2024, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service published a "90-day finding" concluding that the petition, which the Service received on October 31, 2023, presented substantial scientific or commercial information indicating that listing the Kings River pyrg may be warranted. Endangered and Threatened Wildlife and Plants; 90-Day Finding for the Kings River Pyrg, 89 Fed. Reg. 8629 (Feb. 8, 2024);

WHEREAS, on November 12, 2024, Defendants received a letter from Plaintiffs dated November 12, 2024, notifying Defendants of Plaintiffs' intent to sue to compel the Service to complete a 12-month finding with respect to the petition to list the Kings River pyrg;

WHEREAS, on December 30, 2024, Defendants responded to Plaintiffs' letter dated November 12, 2024;

WHEREAS, on January 13, 2025, Plaintiffs filed the above-captioned action to compel the Service to complete the 12-month finding for the Kings River pyrg;

WHEREAS, as part of its process for developing the 12-month finding for the Kings River pyrg, the Service will send a "Dear Interested Party" letter to Plaintiffs Western Watersheds

Project and the People of Red Mountain inviting them to submit information that may inform the 12-month finding for the Kings River pyrg;

WHEREAS, Plaintiffs previously submitted information to the Regulations.gov docket for the 90-day finding for the Kings River pyrg (FWS-R8-ES-2023-0261-0001) on October 1, 2024, October 30, 2024, April 2, 2025, and July 21, 2025;

WHEREAS, the Service reviewed Plaintiffs' complete October 1, 2024, October 30, 2024, April 2, 2025, and July 21, 2025 submissions to the Regulations.gov portal for the Kings River pyrg 90-day finding (FWS-R8-ES-2023-0261-0001) and intends to consider this information in making the 12-month finding for the Kings River pyrg;

WHEREAS, Plaintiffs may invite the Service to attend any meetings they arrange or convene regarding the possibility of constructing livestock and/or vehicle exclosures on lands managed by the Bureau of Land Management, although the Service is not obligated to attend such meetings;

WHEREAS, the Service intends to participate as a member of the Water Resources Technical Advisory Group for the Thacker Pass Lithium Mine and may provide recommendations as appropriate and within its statutory authorities, consistent with its mission to conserve fish and wildlife;

WHEREAS, the Service intends to submit status reports on the docket for the above-captioned case on or before December 1, 2027, and July 31, 2028, regarding its progress on the 12-month finding for the Kings River pyrg; and

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a

settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

NOW, THEREFORE, the parties agree as follows:

1.    On or before December 1, 2028, the Service shall, pursuant to 16 U.S.C. § 1533(b)(3)(B), submit to the *Federal Register* for publication a 12-month finding on Plaintiff Western Watersheds Project's petition to list the King's River pyrg.

2.    The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3.    In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify that deadline, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4.      Plaintiffs reserve the right to request attorneys' fees and costs from Defendants, and Defendants reserve their right to contest Plaintiffs' entitlement to recover fees and the amount of any such fees and do not waive any objection or defense that they may have to any fees and costs request from Plaintiffs. The Parties agree to the following schedule for addressing attorneys' fees and costs:

 a. Within forty-five (45) days of the entry of the order by this Court approving this Agreement, Plaintiffs will provide to Defendants an itemization of the attorneys' fees and costs it seeks to recover to allow Defendants to assess whether settlement of such claims is possible.

 b. Within sixty (60) days of Defendants' receipt of this itemization of the Plaintiffs' proposed fees and costs, the Parties will notify the Court whether they have reached a settlement as to the payment of Plaintiffs' attorneys' fees and costs by Defendants.

 c. If the Parties have not reached agreement on attorneys' fees and costs at the time that they provide this notice to the Court, Plaintiffs may move within thirty (30) days of that date for the Court to award attorneys' fees and costs. Briefing and adjudication of Plaintiff's motion for attorneys' fees and costs and Defendants' opposition thereto will then proceed as provided in District of Nevada Local Rule 7-2(b). In the event that Plaintiffs file such a motion, Defendants reserve the right to contest entitlement to and/or the reasonableness of the amount of Plaintiffs' claims to attorneys' fees and costs, including the hourly rates and number of hours billed.

5.    By this Agreement, Plaintiffs do not waive any right to seek additional fees and costs incurred in any future litigation or continuation of the present action. Additionally, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action.

6.    This Agreement requires only that Defendants take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any finding required herein, or as to the substance of any findings made pursuant to Paragraph 1 of the Agreement. To challenge any finding issued pursuant to Paragraph 1, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

7.    No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline regarding the listing or designation of critical habitat for any species.

8.    Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Nothing in this Agreement may be construed or offered as evidence in any

proceeding as to what may constitute a reasonable timeline for making findings regarding the listing of any species. Except as expressly provided in this Agreement, none of the Parties waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent in any other context.

9.      Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law or regulation.

10.      The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the Complaint and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

11.      The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

12. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement and retaining jurisdiction to enforce it.

13. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any motion for attorneys' fees and costs, compliance with the terms of this Agreement, and resolution of any motions to modify such terms, until Defendants satisfy their obligations under this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 8th day of July, 2026.

By:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
MEREDITH L. FLAX, Deputy Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/ Sara M. Warren*
SARA M. WARREN, Trial Attorney
Georgia Bar No. 966948
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 598-5785; Fax | (202) 305-0275
E-mail: Sara.Warren@usdoj.gov

*Attorneys for Defendants*

By:
*/s/ Paul D. Ruprecht (with express permission)*
Paul D. Ruprecht (NV Bar# 14263)
Western Watersheds Project
P.O. Box 1438
Sparks, NV 89432
Tel: (208) 421-4637
paul@westernwatersheds.org

*Attorneys for Plaintiffs*

**IT IS SO ORDERED**:

UNITED STATES DISTRICT

JUDGE DATED: July 9, 2026